Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1606 | **DATE** | 5/28/2004 |
| **CASE TITLE** | George S. May Intl Co. vs. Hostetler et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Hostetler's motion (Doc 11-1) to dismiss Counts I and II of the complaint is denied. His motion (Doc 12-1) to stay proceedings pending arbitration is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 28 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE S. MAY INTERNATIONAL )
COMPANY, )
)
Plaintiff, )
)
vs. ) 04 C 1606
)
DANIEL L. HOSTETLER and STRATEGIC )
BUSINESS PARTNERS, LLC, )
)
Defendants. )



## MEMORANDUM OPINION



CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motions of Defendants Daniel Hostetler and Strategic Business Partners, LLC ("SBP") to dismiss Counts I and II of the complaint and to stay proceedings in this case pending arbitration. For the reasons set forth below, the motion to dismiss is denied and the motion to stay is granted.

### BACKGROUND

Plaintiff George S. May International Company ("GSMIC") is a consulting firm. Hostetler is a former employee of GSMIC; over the more than 15 years that he worked for the company, Hostetler held various management and executive positions.

Hostetler held his last two positions with GSMIC pursuant to employment agreements, one executed on April 23, 1995, and the other on March 23, 2003.

Both contracts contained the following provision, captioned "Post Employment Dispute Resolution":

> If, after employment, any dispute, claim or controversy shall arise between [Hostetler], on the one hand, and [GSMIC], on the other hand, as to any issue whatsoever the same shall be referred to and settled by the "arbitration" procedure set forth [within the agreement], which may be requested upon the application of any interested party, provided, however, that either party may seek injunctive relief...without resorting to or completing arbitration. No arbitrator shall have the authority to grant injunctive relief.

In 2003, Hostetler formed SBP, his own consulting firm.[1] In August of that year, Hostetler left GSMIC for SBP. According to the complaint, Hostetler used his access to GSMIC's computer system to take several copyrighted documents with him when he left; SBP is allegedly using the same in its own consulting activities. GSMIC also claims that, prior to his departure, Hostetler used $100,000 of GSMIC funds for his own benefit.

GSMIC filed the instant complaint in March 2004, alleging copyright infringement, violations of the Computer Fraud and Abuse Act ("CFAA"), breach of

---

[1] Although GSMIC's response assumes that the formation of SBP coincided with Hostetler's departure, the complaint does not make that allegation. The sole statement, contained in ¶ 20, states that Hostetler formed a consulting firm but does not specify when that occurred.

contract, breach of fiduciary duty, unjust enrichment, and common-law fraud. The prayer for relief seeks legal and equitable remedies. Hostetler and SBP have filed a motion to dismiss the copyright infringement and CFAA counts pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6), respectively, as well as a motion to stay the proceedings in this case pending arbitration pursuant to the arbitration clauses contained in Hostetler's two employment contracts.

## LEGAL STANDARDS

### A. Motions to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to dismiss claims over which a federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. In re Chicago, Rock Island & Pac. R.R. Co., 794 F.2d 1182, 1188 (7th Cir.1986). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. See Kontos v. United States Dep't of Labor, 826 F.2d 573, 576 (7th Cir.1987). When a defendant moves for dismissal pursuant to Rule 12(b)(1), the plaintiff must support its allegations with competent proof of jurisdictional facts. See Thomson v. Gaskillwsa, 315 U.S. 442, 446 (1942).

Fed. R. Civ. Proc. 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling

on a motion to dismiss, the court must accept all well-pleaded allegations as true and will not dismiss a case for failure to state a claim unless the plaintiff cannot prove any facts sufficient to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All inferences shall be drawn in a light most favorable to the plaintiff. Jackson v. E.J. Branch Corp., 176 F.3d 971, 978 (7th Cir. 1999). To survive a motion to dismiss, a plaintiff must only provide a "short and plain statement" under Rule 8(a)(2); the particulars of the claim are not required. Midwest Gas Servs. v. Ind. Gas Co., 317 F.3d 703, 710 (7th Cir. 2002).

**B. Motion to Stay Pending Arbitration**

The Federal Arbitration Act ("FAA") provides that an arbitration clause in a "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. It is well settled that arbitration is a favored means of dispute resolution, and the FAA established a clear policy favoring arbitration. See Kiefer Speciality Flooring, Inc. v. Tarkett, Inc., 174 F.3d 907, 909 (7th Cir. 1999). To effect this policy, courts liberally construe any contractual language pertaining to arbitration and resolve doubts in favor of arbitrability. See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983).

A party contesting the submission of the claim to arbitration must clearly show that the presumption of arbitrability does not apply. See International Union of Operating Engineers, Local Union 103 v. Indiana Const. Corp., 13 F.3d 253, 255-56 (7th Cir. 1994). The arbitrability of a particular issue turns on principles of contract interpretation, as "a party cannot be required to submit to arbitration any dispute which he has not agree so to submit." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S. Ct. 1347 (1960)). A claim will be deemed arbitrable if an arbitration clause is capable of any interpretation that a claim is covered. See International Union of Operating Engineers, Local Union 103 v. Indiana Const. Corp., 13 F.3d 253, 255-56 (7th Cir.1994). If parties have a contract providing for arbitration of some issues, questions concerning the scope of issues subject to arbitration should be resolved in favor of arbitration. See Miller v. Flume, 139 F.3d 1130, 1136 (7th Cir. 1998).

## DISCUSSION

### A. Motion to Dismiss

*1. Count I: Copyright Infringement*

A viable claim for copyright infringement is comprised of two parts: the plaintiff must own a valid copyright, and the defendant must have copied constituent elements of the plaintiff's work that are original. Feist Publications, Inc. v. Rural Telephone

Serv. Co., Inc., 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991). While copyright ownership and protection attach at the time a work is created, a suit for infringement cannot be brought until the copyright owner registers a copyright or has a registration application refused. 17 U.S.C. § 411(a); Pickett v. Prince, 207 F.3d 402, 404 (7th Cir. 2000).

Hostetler's argument in support of his motion to dismiss Count I focuses on the fact that, although the complaint contains general allegations of both copyright registration and infringement, it provides specifics of both issues for only a few works for which GSMIC owns the copyright. Contrary to Hostetler's ultimate position, this shows that we do have subject matter jurisdiction. Allegations as to even one copyrighted and properly registered work would be sufficient to establish our jurisdiction in this case. As that is the only question directly presented by the 12(b)(1) motion, we decline to accept Hostetler's invitation to further define the precise parameters of Count I at this stage of the proceedings. Dismissal under 12(b)(1) is inappropriate, and the motion pertaining to Count I is correspondingly denied.

*2. Count II: Computer Fraud and Abuse Act*

Count II of the complaint is premised upon an alleged violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. As Hostetler correctly points out, the complaint does not specify the sections of the statute upon which it relies. Instead, the

allegations contain language that could apply to violations of § 1030(a)(2)(C), § 1030(a)(4), or § 1030(a)(5). Hostetler attacks the sufficiency of the pleading only with respect to the latter two subsections, citing various authorities arising from factual settings distinguishable from those in the case at bar, making them of limited use to offer up guidance for our decision.

A case decided in the Western District of Washington, cited by neither party, supplies us with an analogous factual situation and persuasive reasoning. In <u>Shurgard Storage Centers, Inc. v. Safeguard Self Storage, Inc.</u>, the plaintiff sued a competitor for luring away its employees after encouraging them to steal trade secrets out of the plaintiff's computer system. 119 F. Supp. 2d 1121 (W.D. Wash. 2000). The defendant moved to dismiss the CFAA count of the complaint, making much the same arguments as Hostetler and SBP do here. The court engaged in a thorough analysis of the statute and its application to a scenario in which an employee uses his or her access to an employer's computer system to appropriate the employer's intellectual property. Ultimately, the court concluded that, in a situation such as that presented here, causes of action are available under each of the subsections listed above. We are convinced that a like outcome is warranted in this case.

Hostetler's argument that the conduct attributed to him within the complaint did not exceed his authorized access falls flat. While Hostetler may very well be correct

that he was entitled to access the information when he was employed by GSMIC, it is no stretch of the imagination to conclude that his authorization did not extend to removing copyrighted material from the computer system for his personal benefit or that of a competitor. See id. at 1125 (noting that an employee's prior authorization was lost when proprietary information was obtained and sent to a competitor).

Moreover, Hostetler's contention that the loss alleged within the complaint cannot satisfy the statutory requirement of damages is inconsistent with the definition contained within the statute itself. For purposes of the CFAA, "'damage' means any impairment to the integrity or availability of data, a program, a system, or information. 18 U.S.C. § 1030(e)(8). We see no principled reason, nor has Hostetler offered one, why infringement of copyrighted material taken from a protected computer system would not qualify as impairment of the integrity of the copyrighted information.

Hostetler also professes that, to the extent Count II relies on § 1030(a)(4), it must be dismissed for failure to comply with the particularity requirements of Fed. R. Civ. Proc. 9(b) because of its inclusion of terminology pertaining to fraudulent behavior. However, the Shurgard court again concluded that a cause of action under 18 U.S.C. § 1030(a)(4) is sufficiently pleaded if it alleges that the defendant "participated in dishonest methods to obtain the plaintiff's secret information. Shurgard, 119 F. Supp. 2d at 1126. GSMIC's complaint satisfies this standard.

Finally, we do not agree with SBP's claim that it cannot be included in the CFAA count. According to SBP, it was not formed at the time Hostetler allegedly acted and therefore no agency relationship was possible between it and Hostetler. Because there is no allegation that SBP independently accessed GSMIC's computers, SBP contends that no CFAA count can be pleaded against it.

While the complaint is not crystal clear, it is reasonable to infer from GSMIC's allegations that Hostetler was acting as an agent of SBP at the time the claimed acts occurred. The case SBP cites to counter the propriety of allegations against it is inapposite; in that case, there was no allegation of an agency relationship between the two defendants. Role Models America, Inc. v. Jones, 305 F. Supp. 2d 564 (D. Md. 2004). Citing Shurgard, the court in Role Models acknowledged that the presence of an agency relationship between defendants can make the difference between a viable claim and a 12(b)(6) dismissal. Id. at 567. That scenario is conceivable under the allegations advanced here.

Accordingly, the 12(b)(6) motion to dismiss Count II is denied in its entirety.

## B. Motion to Stay Pending Arbitration

Hostetler's second motion stems from the arbitration provision of the two employment contracts entered by the parties in 1995 and 2003. According to Hostetler, the broad language of these provisions mandates arbitration of the causes of action

listed in the complaint, with the exception of the requests for injunctive relief in Counts I and II.

GSMIC's response is twofold. The first is procedural; GSMIC contends that the motion is premature because neither party has initiated arbitration proceedings. Although we have no indication that arbitration has commenced, that presents no impediment to Hostetler's motion. See, e.g., Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 389 (7th Cir. 1995). The second challenge is substantive; GSMIC argues that the presence of SBP, which was not a party to the arbitration agreement, and the requests for injunctive relief in its complaint add up to several nonarbitrable claims that this court has the discretion to consider despite any potential or even contemporaneous arbitration proceedings. See Dickinson v. Heinold Securities, Inc., 661 F.2d 638 (7th Cir. 1981).

While we agree with GSMIC that we do have discretion to proceed on the nonarbitrable issues, we do not agree that the proper exercise of that discretion in this case would be to do so. Rather, this case presents a situation similar to that in Air Freight Servs., Inc. v. Air Cargo Transport, Inc., 919 F. Supp. 321 (N.D. Ill. 1996). Arbitrable issues include whether Hostetler breached his contractual obligations and, if so, how he did so as well as the factual underpinnings of the CFAA and copyright infringement counts. These issues are inextricably linked to any that we would

consider in deciding the questions presented by the complaint that are not subject to arbitration. Although the arbitrator could only award part of the relief sought if GSMIC prevailed on its CFAA and copyright claims, there is no advantage to be gained by duplicative adjudication and potentially conflicting results therefrom. Consequently, we conclude that the more prudent course of action in these circumstances is to stay this litigation until GSMIC and Hostetler complete arbitration of issues falling within the ambit of the two employment agreements or both parties waive their entitlement to the same. See Cabinetree, 50 F.3d at 390-91.

## CONCLUSION

Based on the foregoing analysis, Hostetler's motion to dismiss Counts I and II of the complaint is denied. His motion to stay proceedings pending arbitration is granted.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAY 2 8 2004